# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CHARLES L. FOSTER, III,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:22-cv-100 |
| **WILMINGTON SAVINGS FUND** | § | |
| **SOCIETY, FSB, PHH MORTGAGE-** | § | |
| **REVERSE MORTGAGE, AND WILLIAM** | § | |
| **ATTMORE** | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants PHH Mortgage Corporation, incorrectly named as "PHH Mortgage – Reverse Mortgage" ("***PHH***") and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee for Cascade Funding Mortgage Trust HB2 ("***Wilmington***") file this Notice of Removal based on diversity jurisdiction.

### I. INTRODUCTION

1. On April 4, 2022, Plaintiff Charles L. Foster filed his Original Petition, and Verified Application for Temporary Restraining Order and Application for Temporary Injunction (the "***Complaint***") in the 117th Judicial District Court for Nueces County, Texas under Cause No. 2022DCV-1098-B ("***State Court Action***").

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by PHH and Wilmington are attached hereto, marked as composite **Exhibit A**, and incorporated herein by reference.

## II. TIMELINESS OF REMOVAL

3. PHH was served with citation on April 6, 2022. Wilmington has not yet been served with citation. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).[1]

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

### A. *Citizenship of the Parties.*

5. Plaintiff is resident of the State of Texas and is therefore a citizen of Texas.[2]

6. PHH is a corporation incorporated in New Jersey with its principal place of business in Mount Laurel, New Jersey. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[3] Therefore, for diversity purposes, PHH is a citizen of New Jersey.

7. Wilmington is a corporation incorporated in Delaware with its principal place of business in Wilmington, Delaware. Therefore, for diversity purposes, Wilmington is a citizen of Delaware.

---

[1] *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

[2] *Complaint,* Page 2, ¶ 3.01; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").

[3] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).

8. William Attmore ("***Attmore***") is an individual whose place of business is in Irving, Texas. Attmore was listed as a Defendant in the Original Petition. However, Plaintiff filed a Notice of Nonsuit as to William Attmore on April 5, 2022.[4]

9. Therefore, there is complete diversity of citizenship between Plaintiff and the remaining two Defendants.

### B. The Amount in Controversy Exceeds $75,000.00.

10. Plaintiff seeks monetary relief of over $1,000,000.00, and alleges that "[t]he loss to the Plaintiff if the foreclosure is not stopped is more than $1,000,000.00."[5] Based on the damages sought in the Complaint, the amount in controversy is met.

11. Moreover, in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.[6] When the object of litigation is real property, as is the case here, the fair market value of the property is the proper measure of the amount in controversy.[7] Here, the real property is valued at $1,008,393.00[8] Because Plaintiff seeks injunctive relief as to the real property at issue and the property is valued well in excess of $75,000.00, the amount in controversy requirement for removal based on diversity jurisdiction is met.

### IV. VENUE

12. Venue for this removal is proper in the U.S. District Court for the Southern District of Texas, Corpus Christi Division, because this district and division include Nueces County, Texas,

---

[4] See Ex. A-8, *Notice of Nonsuit of William Attmore*.
[5] Compl. ¶¶ 1.01, 6.02.
[6] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[7] *See id*.
[8] *See* Nueces County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Nueces County Appraisal District record because it is of public record, the information it provides is readily ascertainable, and the source — the Nueces County Appraisal District— cannot be reasonably questioned. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

the location of the pending state court action.

## V.     ADDITIONAL REQUIREMENTS

13.     In accordance with 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, PHH and Wilmington will provide Plaintiff with the written notice of removal, and a copy of this Notice of Removal will be filed with the district clerk of Nueces County, Texas.

14.     In the event that Plaintiff attempts to seek remand this case, or the Court considers remand *sua sponte*, PHH and Wilmington respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

15.     Plaintiff demands a jury trial in the Complaint.

16.     PHH and Wilmington reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, having satisfied the requirements for removal, Defendants PHH Mortgage Corporation and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee for Cascade Funding Mortgage Trust HB2, give notice that Cause No. 2022DCV-1098-B, originally filed in the 117th District Court of Nueces County, Texas, has been removed to this Court.

Respectfully submitted,

**MCGLINCHEY STAFFORD, PLLC**

**By:** /s/ Thomas W. White, Jr.
    **EMILY G. STROOPE (LEAD COUNSEL)**
    State Bar No. 24070692
    estroope@mcglinchey.com
    Three Energy Square
    6688 North Central Expressway
    Suite 400
    Dallas, Texas 75206
    (214) 445-2445 Tel
    (214) 445-2450 Fax

and

    **THOMAS W. WHITE, JR.**
    State Bar No. 24102645
    twhite@mcglinchey.com
    1001 McKinney Street, Suite 1500
    Houston, TX 77002
    (713) 335-2145 Tel
    (713) 520-1025 Fax

**ATTORNEYS FOR DEFENDANTS PHH MORTGAGE CORPORATION AND WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE FOR CASCADE FUNDING MORTGAGE TRUST HB2**

## CERTIFICATE OF SERVICE AND NOTICE OF FILING

I hereby certify that on May 6, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all counsel of record by operation of the Court's electronic filing system.

*Via CM/ECF and/or CMRRR*
Andrew M. Greenwell
Harris & Greenwell
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 2800-S
Corpus Christi, Texas 78401
**Attorney for Plaintiff**

*/s/ Thomas W. White, Jr.*
**Thomas W. White, Jr.**