# EXHIBIT "A-4"

Filed
4/4/2022 8:26 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

2022DCV-1098-B

CAUSE NO. _____

| | | |
|---|---|---|
| CHARLES L. FOSTER, III, | § | IN THE DISTRICT COURT |
| | § | |
| vs | § | _____ JUDICIAL DISTRICT |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB, PHH MORTGAGE- | § | |
| REVERSE MORTGAGE AND | § | |
| WILLIAM ATTMORE | § | NUCES COUNTY, TEXAS |

## *EX PARTE* RESTRAINING ORDER

CAME ON TO BE HEARD the Plaintiff's Application for Temporary Restraining Order, and the Court, after reviewing the verified pleadings and application, the affidavits, and hearing argument of counsel, the Court finds that there is evidence that harm is imminent to the Plaintiff, and that if this Court does not issue the temporary restraining order, the Plaintiff will be irreparably injured because the Defendants will continue with their declared intention to sell that property known as 440 Bahia Mar, Port Aransas, Nueces County, Texas, the legal description of which property is known as the surface estate only in and to Lot Thirty-Eight (38), Block One (1), Island Moorings Unit 1, City of Port Aransas, Nueces County, Texas, as shown by the map or plat thereof recorded in Volume 48, page(s) 142 of the map records of Nueces County, Texas. Should that property be sold under the current notice of trustee's sale on April 5, 2022, then the Plaintiff's equitable interest in the property would be affected as would his interest in any equity in the property. Moreover, third parties who acquire the property might be adversely affected by the Plaintiff's equitable interest in the property.

An *ex parte* order, without notice to the Defendants is necessary because there is not enough time to give notice to the Defendants, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage, and the attorney for the Defendants has been earlier non-responsive to the efforts at communication of the Plaintiff's lawyer. As indicated above, unless the public sale is restrained, the Plaintiff will suffer the loss of his equitable interest in the

Copy from re:SearchTX

property and the property will probably not obtain the same price as it would if sold in an ordinary sale.

The Plaintiff has shown a probable right of recovery, a probable equitable claim to the property, promissory estoppel, and unjust enrichment.

Therefore, by this Order, this Court orders that the Defendants Wilmington Savings Fund Society, FSB, PHH Mortgage—Reverse Mortgage, William Attmore, and any other attorney at the law firm of ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC, any of the substitute trustees, including Arnold Mendoza, Jo Woolsey, Bob Frisch, Sandra Mendoza, Susan Sandoval, Leslye Evans, or Alexis Mendoza are not to conduct any foreclosure sale on the property on April 5, 2022.

The clerk is ordered to issue notice to the Defendants, Wilmington Savings Fund Society, FSB, PHH Mortgage—Reverse Mortgage, William Attmore, that a hearing on the Plaintiff's application for temporary injunction is set for the _____ day of _____, 2022, at _____ a.m./p.m., following which this temporary restraining order will expire. The purpose of the hearing will be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

The Court sets bond at $_____.

Signed this _____ day of _____, 2022.

_____
PRESIDING JUDGE